UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RAUL GONZALEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-220 |
| | § | |
| BRYAN GORDY, *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER DENYING PLAINTIFF'S**
**THIRD MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff Raul Gonzalez, who is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the Coffield Unit in Tennessee Colony, Texas, has filed this civil rights action. Pending before the Court is Plaintiff's Motion for Appointment of Counsel. (D.E. 9).

Plaintiff's allegations in this civil rights action arose in connection with his stay at the Garza East Unit (GEU) in Beeville, Texas. Plaintiff claims that GEU officials used excessive force against him and denied him emergency medical care. Plaintiff seeks equitable and monetary relief.

The undersigned has previously denied Plaintiff's two motions seeking appointment of counsel as premature because they were filed before the screening process had been completed. (D.E. 12, 14). The screening process has since been completed as the undersigned recently ordered service of Plaintiff's complaint on the defendants named in the original complaint. (D.E. 16).

Plaintiff again seeks the appointment of counsel to assist him in the prosecution of this case. (D.E. 17). In *Bounds v. Smith*, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. *Bounds v. Smith*, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Furthermore, *Bounds* did not create a "free-standing right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). It is within the court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. *Id.* Plaintiff's civil rights claims do not present any complexities that are unusual in prisoner actions.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. *Id.* Plaintiff has thus far demonstrated that he is able to communicate adequately and file pleadings with the Court.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence

and in cross-examination. *Id.* Examination of this factor is premature because the case has not yet been set for trial.

Plaintiff has not shown that exceptional circumstances require the appointment of counsel at this time. In addition, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. Plaintiff's motion for appointment of counsel (D.E. 17) is DENIED without prejudice at this time. This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 28th day of November, 2018.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE