United States District Court
Southern District of Texas
**ENTERED**
April 25, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| RAUL GONZALEZ, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:18-CV-00220 |
| § | |
| BRYAN GORDY, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Raul Gonzalez, proceeding *pro se* and *in forma pauperis*, requests an entry of default against Defendant Dr. Julianna Lindsey. (D.E. 28). The Office of the Attorney General of Texas ("the OAG"), representing other defendants in Gonzalez's 42 U.S.C. § 1983 suit, filed an advisory in response to Gonzalez's. (D.E. 29). As discussed further below, it is recommended that Gonzalez's request for an entry of default be denied. Moreover, it is recommended that Gonzalez's claims against Dr. Lindsey be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**A. Background**

In July 2018, Gonzalez filed a § 1983 complaint against Dr. Lindsey and three other individuals. (D.E. 1 at 1-10). Specifically as to Dr. Lindsey, the Medical Director at the Christus Spohn Hospital, Gonzalez alleges that she was deliberately indifferent to his serious medical needs because she improperly handled lumbar cultures and allowed his release from the hospital while he still needed emergency care. (*Id.* at 7, 9). He

alleges that he was placed on life support less than 48 hours after Dr. Lindsey chose to release him from the hospital. (*Id.* at 9). Based on these actions, Gonzalez alleges that Dr. Lindsey violated his Eighth and Fourteenth Amendment rights. (*Id.*).

On October 31, 2018, this Court ordered service on the OAG, requiring it to either obtain authority to represent the defendants within 45 days or provide the address of the defendants under seal. (D.E. 16 at 1).

On February 19, 2019, Gonzalez filed a "Declaration for Entry of Default," noting that over 45 days had passed since the Court's order for service and Dr. Lindsey had failed to answer or otherwise respond to his complaint. (D.E. 28 at 1-2).

Subsequently, the OAG, acting as *amicus curiae*, filed an advisory in response to Gonzalez's request for entry of default. (D.E. 29 at 1-5). The OAG noted that it could not accept service on behalf of Dr. Lindsey because, unlike the other defendants, she was a private employee of Christus Spohn Hospital, not the Texas Department of Criminal Justice or University of Texas Medical Branch at Galveston. (*Id.* at 2-3). Thus, the OAG stated that it could neither represent her nor provide her address, and it appeared that Dr. Lindsey had not been served with Gonzalez's complaint. (*Id.* at 3). Gonzalez filed a response to the advisory, contending that over 120 days had passed since the order for service and Dr. Lindsey had not complied. (D.E. 32 at 1-2).

## B. Discussion

### i. Default

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend a lawsuit in federal court, and that fact is shown by affidavit

2

or otherwise, the clerk shall enter the party's default. Fed. R. Civ. P. 55(a). The Fifth Circuit has established that "the entry of default is committed to the discretion of the district judge." *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977) (citation omitted); *accord Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). Further, federal courts generally disfavor default judgment, preferring to resolve disputes according to their merits. *Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 393 (5th Cir. 2001) (citations omitted).

Here, the entry of default against Dr. Lindsey would be inappropriate because it does not appear that she was served with Gonzalez's complaint. The OAG was the only entity served in this Court's order for service of process, which was intended to include Dr. Lindsey as well. (D.E. 16 at 1). However, as the OAG states in its advisory and as Gonzalez's complaint identifies, Dr. Lindsey was not a state employee to be represented by the OAG, but rather the Medical Director of a hospital. (D.E. 1 at 7; D.E. 29 at 2-3). Thus, Dr. Lindsey has never been formally served with Gonzalez's complaint, which perhaps explains why she has not answered or otherwise responded to Gonzalez's claims against her. Accordingly, the entry of default against her would be inappropriate.

### ii. Deliberate Indifference Claim

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss "at any time" any action that "fails to state a claim on which relief may be granted" or "is frivolous or malicious." 28 U.S.C. § 2815(e)(2)(B)(i), (ii).

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To

3

prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).  For the purposes of § 1983, private action may be deemed state action if it is fairly attributable to the state.  *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999).  There are several tests to determine whether private conduct can be attributed to the state, including the public function test, state compulsion test, nexus test, and joint action test.  *Id.* at 241-42.

The government is obligated to provide medical care to those in prison.  *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).  Deliberate indifference to an inmate's serious medical need violates the Eighth Amendment prohibition of cruel and unusual punishment.  *Id.* at 104.  Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances.  *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).  Instead, officials must refuse to treat the inmate, ignore his complaints, intentionally treat him incorrectly, or otherwise engage in conduct that demonstrates a wanton disregard for a serious medical need.  *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).  The decision whether to provide additional treatment is a matter of medical judgment.  *Id.*

Here, assuming without deciding that Dr. Lindsey could be considered a state actor capable of being sued under § 1983, Gonzalez's claim against her nonetheless fails to state a claim upon which relief can be granted.  Liberally construed, Gonzalez claims that Dr. Lindsey did not timely do the proper tests and prematurely chose to release him

4

from the hospital, which resulted in serious injuries that otherwise could have been avoided. (D.E. 1 at 7, 9). This is a claim of unsuccessful medical treatment, negligence, and/or medical malpractice, each of which is insufficient to sustain a claim of deliberate indifference. *Gobert*, 463 F.3d at 346. Although he does make such allegations against other defendants, Gonzalez never claims that Dr. Lindsey refused to treat him, intentionally treated him incorrectly, or otherwise engaged in conduct that demonstrated a wanton disregard for a serious medical need. *Domino*, 239 F.3d at 756. Accordingly, Gonzalez has not raised a claim against Dr. Lindsey upon which relief can be granted, and dismissal under § 1915(e)(2)(B)(ii) is appropriate.

### C.  Recommendation

Based on the foregoing, it is respectfully recommended that Gonzalez's request for an entry of default (D.E. 28) be DENIED. Moreover, it is recommended that Gonzalez's claims against Dr. Lindsey be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Respectfully submitted this 25th day of April, 2019.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).