UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RAUL GONZALEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-220 |
| | § | |
| BRYAN GORDY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON PENDING MOTIONS

Plaintiff Raul Gonzalez, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at the Stiles Unit of the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ") in Beeville, Texas. Pending before the Court are Plaintiff's Motion to Proceed *In Forma Pauperis* (IFP) (D.E. 64-1), Motions to Amend Complaint (D.E. 53, 64-2), and Motions for Appointment of Counsel (D.E. 59, 64-3).

### I. BACKGROUND

Plaintiff's allegations and claims in this case arise in connection with his previous assignment to the Garza East Unit in Beeville, Texas. In July 2018, Plaintiff filed a complaint against Dr. Julianna Lindsey and three other individuals in their individual capacities. (D.E. 1 at 1-10). Specifically as to Dr. Lindsey, the Medical Director at the Christus Spohn Hospital, Plaintiff alleged that she was deliberately indifferent to his serious medical needs because she improperly handled lumbar cultures and allowed his release from the hospital while he still needed emergency care. (*Id.* at 7, 9). He alleged that he was placed on life support less than 48 hours after Dr. Lindsey chose to release

him from the hospital. (*Id.* at 9). Based on these actions, Plaintiff claimed that Dr. Lindsey violated his Eighth Amendment rights. (*Id.*).

On October 31, 2018, the undersigned ordered service of Plaintiff's complaint on each of the four named Defendants. (D.E. 16). On April 25, 2019, the undersigned issued a Memorandum and Recommendation (M&R), recommending in pertinent part that Plaintiff's Eighth Amendment claims of deliberate indifference against Dr. Lindsey be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief. (D.E. 36). On August 27, 2019, Senior District Judge Hilda G. Tagle adopted the M&R and dismissed Plaintiff's claims against Dr. Lindsey. (D.E. 48).

## II. PLAINTIFF'S MOTIONS

### A. Motion to Proceed IFP

On October 7, 2019, the Court received Plaintiff's Notice of Appeal, in which he seeks to appeal from the portion of the August 27, 2019 Order dismissing Plaintiff's claims against Dr. Lindsey. (D.E. 52). The Court subsequently received Plaintiff's application to proceed IFP on appeal, (D.E. 64-1). In order to properly apply to proceed IFP on appeal, Plaintiff must also submit a certified copy of his trust account statement. 28 U.S.C. § 1915(a)(2). As set forth below, the undersigned will allow an opportunity Plaintiff to file this information.

### B. Motions to Amend Complaint

Plaintiff moves to amend his complaint so that he may show that Dr. Lindsey violated his constitutional rights during his stay at the hospital. (D.E. 53, 64-2). Plaintiff' motions are denied because he did not attach a proposed amended complaint to

either motion. In an Order entered on October 2, 2018, Plaintiff was instructed that a complete amended complaint must be attached to any motion to amend. (D.E. 11, ¶ 7).

Even if Plaintiff's motions to amend had complied with the October 2, 2018 Order, they are without merit. Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Determining when justice requires permission to amend rests within the discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

A federal court has discretion to deny a motion to amend when that amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999). "An amendment is futile if it would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). Plaintiff provides no specific facts in his motions to indicate that Dr. Lindsey acted with the requisite deliberate indifference to Plaintiff's serious medical needs. Accordingly, Plaintiff's Motions to Amend Complaint (D.E. 53, 64-2) are denied.

### C. Motions for Appointment of Counsel

The undersigned has previously denied Plaintiff's two motions seeking appointment of counsel as premature because they were filed before the screening process had been completed. (D.E. 12, 14). Following screening, Plaintiff again sought the appointment of counsel to assist him in litigating his claims in this case. (D.E. 17). The undersigned denied this motion on October 28, 2018. (D.E. 19). Plaintiff has now

filed his fourth and fifth motions for appointment of counsel. (D.E. 59, 64-3). These motions are denied without prejudice for the same reasons set forth in the October 28, 2018 Order.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motions to Amend Complaint (D.E. 53, 64-2) and for Appointment of Counsel (D.E. 59, 64-3) are DENIED. Plaintiff is again advised that the undersigned's October 28, 2018 Order denying Plaintiff's motion for appointment of counsel will be *sua sponte* reexamined as the case proceeds.

With regard to Plaintiff's Motion to Proceed IFP (D.E. 64-1), Plaintiff is ORDERED to submit a certified copy of his inmate trust fund account statement. Plaintiff is granted **twenty (20) days** from the entry of this order to comply. Failure to timely comply may result in dismissal of the appeal for want of prosecution. Fed. R. Civ. P. 41(b).

ORDERED this 30th day of December, 2019.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE