United States District Court
Southern District of Texas
**ENTERED**
February 24, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RAUL GONZALEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. 2:18-CV-220 |
| | § | |
| BRYAN GORDY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

The Court is in receipt of the Magistrate Judge's April 25, 2019 Memorandum and Recommendation ("M&R 1"), Dkt. No. 35. The Court is in receipt of Plaintiff Raul Gonzalez's ("Gonzalez") Objections to the M&R, Dkt. Nos. 40, 44. The Court is also in receipt of the Magistrate Judge's October 21, 2019 Memorandum and Recommendation ("M&R 2"). No objections have been filed to M&R 2. For the reasons below the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** M&R 1 and **ADOPTS** M&R 2.

### I. M&R 1

The Magistrate Judge recommends this Court deny Defendant Warden Bryan Gordy's ("Gordy") motion for Eleventh Amendment immunity, grant his motion for qualified immunity and dismiss Gonzalez's claims against Gordy for failure to state a claim upon which relief can be granted. Dkt. No. 35 at 1. Gonzalez objects on the grounds that he stated a claim against Gordy regarding a prison policy that Gordy enforced which caused Gonzalez serious harm. Dkt. No. 40 at 2.

The Court reviews objected-to portions of a Magistrate Judge's proposed findings and recommendations de novo. 28 U.S.C. § 636(b)(1). But if the objections are frivolous, conclusive or general in nature the court need not conduct a de novo review. *Battle v. United States Parole Comm'n*, 834 F.2d 419 (5th Cir. 1987).

### a. Analysis

The M&R states the correct standard for a motion to dismiss:

> "Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In determining whether to grant a motion to dismiss, the court must not go outside the pleadings and must accept all well-pleaded facts as true, looking at them in the light most favorable to the plaintiff. *Scanlan v. Texas A&M University*, 343 F.3d 533, 536 (5th Cir. 2003).
>
> A pleading must include a short and plain statement of the claim showing that the pleader is entitled to relief and giving the defendant fair notice of what the claim is. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, but the plaintiff must nonetheless provide more than merely labels and conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The factual allegations in the complaint are assumed to be true, even if unlikely, but the allegations must "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Id.* at 555, 570. A claim has facial plausibility where the factual allegations allow the court to reasonably infer that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)."

Dkt. No. 35 at 4.

The Magistrate Judge also correctly states the standard for qualified immunity and liability for a supervisory liability:

> "Supervisory officials in a prison cannot be sued solely because of their position of authority, absent any other basis of liability. *See Williams v. Luna*, 909 F.2d 121, 123 (5th Cir. 1990). They may be liable, however, when the enforcement of a policy or practice results in a deprivation of federally protected rights. *Id.* Such liability exists if the official implements a policy so deficient that it is a repudiation of constitutional rights and the cause of the constitutional violation. *Grandstaff v. City of Borger*, 767 F.2d 161, 169-70 (5th Cir. 1985). Thus, if an official did not knowingly disregard an inmate's request to see a doctor, he can only be liable if he knew that the system was 'so deficient as to expose prisoners to substantial risk of significantly unmet serious medical needs.' *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987)."

Dkt. No. 35 at 7.

The Magistrate Judge then recommends this Court conclude:

> "Here, Gonzalez's complaint fails to sufficiently allege that Gordy was either personally involved in denying him medical care or created a policy that exposed prisoners to a substantial risk of significantly unmet serious medical needs. First, as to personal involvement, Gonzalez has not alleged that Gordy

> was aware of the incident with the unidentified sergeant and Nurse Emmerson, or that he was involved in the initial decision to deny medical care. (D.E. 1 at 6, 8-9). Gordy cannot be held liable solely for the actions of his subordinates. *Alton*, 168 F.3d at 200. Further, although Gonzalez generally alleges that the delay in medical treatment was due to a policy enacted by Gordy, he never identifies what this policy was or how it affected the course of his medical treatment. (D.E. 1 at 8-9)"

Dkt. No. 35 at 8.

The Court **DECLINES TO ADOPT** this conclusion. In Gonzalez's complaint he specifies the policy he is challenging and how it affected the course of his medical treatment. His complaint states: "Garza East quarantines a fever to prevent contagion." Dkt. No. 1 at 6. "Vitals revealed a mild fever and I was quarantined. I remained in SEG for 5-7 days. On the final day my fever was 104.7. They took me to the hospital. I developed pneumonia while in SEG. I also went into cardiac arrest on 3-2-17. I was placed on a respirator for 3 days. Next of kin was notified and my sister flew in to mourn my passing." *Id.* Gonzalez's response to the motion to dismiss highlighted this information and how it related to Gordy's alleged liability. *See* Dkt. No. 40 at 1-2. "Bryan Gordy was not sued because of a high position of authority, but because he 'enforced a policy that resulted in a depravation of a federally protected right.'" *Id.* "Plaintiff Gonzalez identified a quarantine policy enforced by Gordy that led to serious injuries…" *Id.* at 5. "Bryan Gordy is liable for a quarantine policy that he knew would one day be fatal. The quarantine shows that there was a risk of serious harm. The risk was serious enough to protect other inmates from exposure while providing no protection/services to the person in quarantine." Dkt. No. 40 at 6. Viewing these allegations in the light most favorable to the Plaintiff, the Court concludes Gonzalez has stated a claim that goes beyond a formalistic recitation of the elements or mere speculation. *See Scanlan*, 343 F.3d at 536; *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. Gonzalez has identified a specific "quarantine" policy which he states he was subject to and which he claims led to a near-death medical emergency because it denied him medical attention when he was ill. Dkt. Nos. 1, 40. The Court concludes such an alleged policy and harm state a claim upon which relief can be granted against a supervisory official.

*See Grandstaff*, 767 F.2d at 169-70; *Thompkins*, 828 F.2d at 304; *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

The Magistrate Judge also recommends denying Gordy's motion to dismiss as moot to the extent that he argues for Eleventh Amendment immunity. Dkt. No. 35 at 9. The Court **ADOPTS** this recommendation.

## II. M&R 2

In M&R 2, the Magistrate Judge recommends denying Gonzalez's motion for default judgement because Gordy has filed a timely response to the service order when he submitted his motion to dismiss and therefore had not failed to plead or otherwise defend this action. Dkt. No. 57 at 3. No objections were filed to M&R 2.

## III. Conclusion

After an independent review of the record, the filings, and the relevant law, the Court **ADOPTS IN PART** and **DECLINES TO ADOPT** M&R 1, Dkt. No. 35, and **ADOPTS** M&R 2, Dkt. No. 57. The Court hereby:

- **DENIES** Gordy's Motion to Dismiss, Dkt. No. 21.
- **DENIES** Gonzalez's Motion for Default Judgment, Dkt. No. 50.

SIGNED this 24th day of February, 2020.

Hilda Tagle
Senior United States District Judge