UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RAUL GONZALEZ, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 2:18-CV-00220 |
| | § | |
| BRYAN GORDY, JOHN DOE, | § | |
| SERGEANT JOSIE RESENDEZ, | § | |
| JULIANNA LINDSEY, and | § | |
| TRAVIS EMMERSON, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Raul Gonzalez, a Texas inmate, alleges that prison officials acted with deliberate indifference to his serious medical needs and used excessive force against him. As a result, Gonzalez has filed this prisoner civil rights action under 42 U.S.C. § 1983. Pending before the Court are: (1) a motion for summary judgment filed by Bryan Gordy and Josie Resendez, (Dkt. No. 136), and (2) a motion for summary judgment filed by Travis Emmerson, (Dkt. No. 138).

On February 1, 2022, Magistrate Judge Julie K. Hampton granted Gonzalez's Unopposed Motion to Dismiss his claims against Gordy and Emmerson with prejudice. (Dkt. No. 155). The Court, therefore, **DENIES in part** the motion for summary judgment filed by Gordy and Resendez as moot. (Dkt. No. 136). The Court also **DENIES** Emmerson's motion for summary judgment as moot. (Dkt. No. 138). For the following reasons, the Court **GRANTS in part** the motion for summary judgment filed by Gordy

and Resendez. (Dkt. No. 136). The Court **DISMISSES WITH PREJUDICE** Gonzalez's excessive force claim against Resendez.

I.   BACKGROUND

Gonzalez is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"). The facts giving rise to Gonzalez's claims occurred in connection with his previous assignment to the Garza East Unit in Beeville.

Gonzalez filed his original *pro se* complaint on July 26, 2018, naming the following defendants: (1) Bryan Gordy, the Warden of the Garza East Unit; (2) John Doe Nurse; (3) Jane Doe Sergeant; and (4) Medical Director Julianna Lindsey (collectively "the Defendants"). (Dkt. No. 1 at 7). Gonzalez generally claimed that the Defendants acted with deliberate indifference to his serious medical needs and used excessive force against him. (*Id.* at 7–8). Gonzalez sought monetary relief. (*Id.* at 8).

On October 31, 2018, Magistrate Judge B. Janice Ellington ordered service of Gonzalez's complaint on the Defendants. (Dkt. No. 16). Emmerson was identified as "Defendant John Doe Nurse," and he filed an answer on December 17, 2018. (Dkt. No. 22).

On April 25, 2019, Magistrate Judge Ellington issued a Memorandum and Recommendation (the "Lindsey M&R"), recommending that Gonzalez's Eighth Amendment claims of deliberate indifference against Dr. Lindsey be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief. (Dkt. No. 36). Judge Hilda G. Tagle adopted the Lindsey M&R and dismissed Gonzalez's claims against Dr. Lindsey. (Dkt. No. 48).

On April 25, 2019, Magistrate Judge Ellington issued a Memorandum and Recommendation (the "Gordy M&R"), recommending that Gordy's motion to dismiss be granted on the issue of qualified immunity and that Gonzalez's claims against Gordy be dismissed for failure to state a claim upon which relief can be granted. (Dkt. No. 35). Judge Tagle declined to adopt the recommendation in the Gordy M&R to grant Gordy's motion to dismiss. (Dkt. No. 78).

Magistrate Judge Ellington enlisted the Parties' assistance to ascertain the identity of Jane Doe Sergeant. (Dkt. No. 58). Information was provided to the Court identifying Sgt. Josie Resendez as this defendant. (Dkt. No. 63). Magistrate Judge Ellington ordered Resendez to be substituted in place of Jane Doe Sergeant. (Dkt. No. 68).

On February 14, 2020, Resendez filed a Motion to Dismiss. (Dkt. No. 77). On June 11, 2020, Magistrate Judge Hampton issued a Memorandum and Recommendation (the "Resendez M&R"), recommending that the Court: (1) dismiss with prejudice Gonzalez's deliberate indifference claim against Resendez for failure to state a claim for relief and because she is entitled to qualified immunity and (2) retain Gonzalez's excessive force claim against Resendez in her individual capacity, under the screening provision of 28 U.S.C. § 1915(e)(2)(B). (Dkt. No. 91). Judge Tagle adopted the Resendez M&R, dismissed Gonzalez's deliberate indifference claim against Resendez, and retained Gonzalez's excessive force claim against her. (Dkt. No. 100).

On November 30, 2020, Judge Tagle ordered counsel to be appointed for Gonzalez. (Dkt. No. 106). Magistrate Judge Hampton appointed Matthew Steven Manning to represent Gonzalez. (Dkt. No. 114). On September 7, 2021, Gordy and Resendez filed a

Motion for Summary Judgment, (Dkt. No. 136), to which Gonzalez responded, (Dkt. No. 148). On December 28, 2021, the case was reassigned to the undersigned. (Dkt. No. 147).

## II.   SUMMARY JUDGMENT EVIDENCE

Gonzalez stated in his original complaint that he walked into the Garza East Unit's infirmary on February 20, 2017, complaining that he could barely see or walk and had been running a fever for over three days. (Dkt. No. 1 at 8). Gonzalez further stated that a female sergeant, later identified as Resendez, ordered that force be used to remove Gonzalez from the medical department and observed other officers bending Gonzalez's limbs, slamming him into a brick wall, and digging into his back and spine with their elbows. (*Id.*).

In his Step 1 grievance dated April 29, 2017, Gonzalez complained about the inadequate medical attention he had received by prison medical staff from February 25 through February 28, 2017. (Dkt. No. 136-1 at 9–10). This grievance was initially assigned as Grievance No. 2017129177. (*Id.* at 10, 14). Gonzalez's Step 1 grievance was returned to him on May 1, 2017, marked "Grievable time period has expired." (*Id.*).

On May 18, 2017, Stephanie Nash, a Central Grievance Analyst, sent an Inter-Office Communication letter to Lori Parker, TDCJ's Region II Supervisor. (*Id.* at 14). Nash informed Parker that Gonzalez's unprocessed Grievance No. 2017129177 may have been inappropriately screened based on the expiration of the grievable time period. (*Id.*). Nash instructed Parker to "review the grievance and return it to the appropriate Unit Grievance Investigator with instructions to process the grievance and waive the time limits, if necessary." (*Id.*).

Gonzalez's Step 1 grievance was reassigned as Grievance No. 2017142342. (*Id.* at 9, 12). Gonzalez provided the following statements in this grievance: (1) after complaining to a prison guard that he was dizzy and nauseous, he was brought to the unit's medical department sometime in late February 2017; (2) Gonzalez was informed that he had to return to his cell because he did not have a "lay-in" pass; (3) Gonzalez was eventually found to be running a fever after his vitals were checked; (4) Gonzalez was placed in a single cell for four to seven days; (5) on the final day in the cell, Gonzalez's fever reached 104.7 degrees; (6) Gonzalez was transferred to the hospital where he went into cardiac arrest; (7) after three days on life support, Gonzalez woke up and was paralyzed from the waist down; (8) Gonzalez "somehow" suffered a spinal cord injury; (9) despite his condition, "medical staff & officers treated [Gonzalez] very badly" by forcing him to walk and handling him in a rough manner; and (10) Gonzalez also developed pneumonia under the supervision of the medical staff and officers. (*Id.* at 9–10).

The Step 1 reviewing officer denied Gonzalez's Step 1 grievance on July 1, 2017, finding that an investigation into his allegations revealed he had been seen by unit staff and transferred to the hospital for further treatment. (*Id.* at 10). The reviewing officer concluded that "[t]here was no evidence found to corroborate [Gonzalez's] allegations of staff misconduct." (*Id.*).

In his Step 2 grievance dated July 21, 2017 (i.e., Grievance No. 2017142342), Gonzalez reiterated many of his same complaints regarding the inadequate medical attention he received by Garza East Unit medical staff. (*Id.* at 5–6). Gonzalez also claimed

5

he was "slammed into a wall," handcuffed, and "was handled very roughly by staff and days later was paralyzed with a perforated spinal cord." (*Id.*). Gonzalez implicitly acknowledged that his fifteen-day period to file a Step 2 grievance after the denial of his Step 1 grievance had expired. (*Id.* at 7). Gonzalez explained that he had been medically incapacitated during the fifteen-day period and that his late Step 2 grievance should be considered timely filed. (*Id.*).

Gonzalez's Step 2 grievance was considered on the merits. (*Id.* at 6). The reviewing authority denied Gonzalez's Step 2 grievance, finding that he had been treated by the unit provider, transported by van on February 24, 2017 to the community hospital, evaluated by unit medical staff on March 1, 2017, returned to the community hospital that day to treat his continued fever and pain, and admitted to the hospital's inpatient infirmary unit. (*Id.*). The reviewing authority concluded that there was "no documentation to support [Gonzalez's] complaint against the medical staff at the Garza East Unit." (*Id.*).

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. at 2512.

6

In making this determination, the Court must consider the record as a whole by reviewing the pleadings, depositions, affidavits, and admissions on file, and by drawing all justifiable inferences in favor of the party opposing the motion. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). The Court must "not weigh the evidence or evaluate the credibility of witnesses." *Id.* Furthermore, affidavits or declarations "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Unauthenticated documents do not constitute proper summary judgment evidence. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). If the moving party does so, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. Fed. R. Civ. P. 56(c)(1); *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni*, 278 F.3d at 451. "If reasonable minds could differ as to the import of the evidence[,] a verdict should not be directed." *Anderson*, 477 U.S. at 250–51, 106 S.Ct. at 2511.

## IV. DISCUSSION

Resendez asserts that Gonzalez failed to exhaust his administrative remedies. (Dkt. No. 136 at 4–7). Resendez contends that Gonzalez's Step 1 grievance does not mention that he was a victim of Resendez's excessive use of force and that Gonzalez failed to place TDCJ on notice that its employees used excessive force. (*Id.* at 6–7). Further, she contends that Gonzalez never filed a Step 2 grievance concerning the excessive force claim. (*Id.* at 7).

In response, Gonzalez claims that he did exhaust his excessive force claim against Resendez through TDCJ's two-step process. (Dkt. No. 148 at 6–8). Gonzalez contends that his Step 1 and 2 grievances should be considered timely filed because all time limits had been waived. (*Id.* at 6).

### A. TIMELINESS OF GRIEVANCES

The Court first addresses whether Gonzalez failed to exhaust his administrative remedies as to his excessive force claim. The Prison Litigation Reform Act, 42 U.S.C. § 1997e, provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The exhaustion requirement applies to all inmate suits about prison life, whether involving general circumstances or specific incidents. *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002). A prisoner is required to exhaust his

8

administrative remedies even if damages are unavailable through the grievance process. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). A prisoner must complete the administrative review process in accordance with all procedural rules, including deadlines, as a precondition to bring suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 93–95, 126 S.Ct. 2378, 2387–88, 165 L.Ed.2d 368 (2006).

The TDCJ provides a two-step procedure for presenting administrative grievances. *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999) (per curiam). Step 1 requires the inmate to present an administrative grievance at his unit within fifteen days from the date of the incident. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). The inmate should then receive a response from the unit official, and if unsatisfied with the response, the inmate has ten days to appeal by filing a Step 2 grievance, which is handled at the state level. *Id.* The Fifth Circuit requires that both steps of the grievance process be completed before filing suit in federal court. *Id.*; *see also Dillon v. Rogers,* 596 F.3d 260, 268 (5th Cir. 2010) ("Under our strict approach, we have found that mere 'substantial compliance' with administrative remedy procedures does not satisfy exhaustion; instead, we have required prisoners to exhaust available remedies properly." (quoting *Wright*, 260 F.3d at 358)).

The failure to exhaust administrative remedies is an affirmative defense on which Resendez bears the burden of proof. *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007); *see also Dillon*, 596 F.3d at 266 (noting that prison officials "must establish beyond peradventure all of the essential elements of the defense of exhaustion"); *Abbott v. Babin*, 587 F. App'x 116, 118 (5th Cir. 2014) (per curiam) ("When

9

defendants seek to avail themselves of the affirmative defense of failure to exhaust, they bear the burden of showing that administrative remedies were not exhausted."). The exhaustion requirement of Section 1997e(a) is satisfied when the institutional decision-maker denies the grievances on the merits, even though it could have been resolved for failure to comply with a procedural requirement, such as failing to meet filing deadlines in a timely manner. *See Gates v. Cook*, 376 F.3d 323, 331 n.6 (5th Cir. 2004).

Evidence has been presented demonstrating that grievance officials were instructed to process Gonzalez's grievance at issue in this case and waive any time limits, if necessary. (Dkt. No. 136-1 at 14). The competent summary judgment evidence further shows that Gonzalez's Step 1 and Step 2 grievances were each denied on the merits, even though they had been untimely filed outside of the prescribed fifteen-day windows. (*Id.* at 5–10). Accordingly, Gonzalez's excessive force claim against Resendez is not subject to dismissal for lack of exhaustion on the basis that his Step 1 or Step 2 grievances were untimely filed.

### B. SUFFICIENCY OF THE GRIEVANCE

The Court next turns to consider whether Gonzalez's Grievance No. 2017142342 contained details sufficient to alert prison officials about his excessive force claim against Resendez. In *Johnson*, the Fifth Circuit noted that the primary purpose of the exhaustion requirement is to give officials "time and opportunity to address complaints internally." *Johnson*, 385 F.3d at 516 (citation omitted). The *Johnson* court explained that the intent of the grievance procedure is not to provide personal notice to a particular official that he may be sued. *Id.* at 522. Indeed, the PLRA contains no provision requiring an inmate to

identify all defendants in a grievance that they later sue. *Patterson v. Stanley*, 547 F. App'x 510, 511 (5th Cir. 2013) (per curiam) (citing *Jones*, 549 U.S. at 217, 127 S.Ct. at 922). But a prisoner "must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit, and for many types of problems this will often require, as a practical matter, that the prisoner's grievance identify individuals who are connected with the problem." *Johnson*, 385 F.3d at 522. The nature of the complaint will influence how much detail is necessary. *Id*. at 517. For example, a complaint about a correctional officer would identify a specific person, whereas a complaint about a prison condition, such as vermin in a cell or that commissary costs are too high, might not identify an individual. *Id*. A grievance can sufficiently identity an unnamed person if that person's identity and role in the constitutional deprivation are ascertainable from the information provided in the grievance. *Id.* at 522–23.

In his Original Complaint, Gonzalez asserted that Resendez ordered that force be used to remove Gonzalez from the medical department and that Resendez observed other officers bend Gonzalez's limbs, slam him into a brick wall, and dig into his back and spine with their elbows. (Dkt. No. 1 at 8). But a review of Gonzalez's Step 1 grievance in Grievance No. 2017142342 reveals that he primarily complained about the inadequate medical care he received from the medical staff at the East Garza Unit in late February 2017. (Dkt. No. 136-1 at 9–10). In contrast to the detailed complaints in his Step 1 grievance about the medical care, Gonzalez does not provide any information indicating that any prison official, much less Resendez, used force on Gonzalez at all. (*Id.* at 10).

11

Gonzalez's Step 2 grievance does include allegations about excessive force. His Step 2 grievance states that he was "slammed into a wall," which was ordered by "[t]he female SGT on shift." (Dkt. No. 136-1 at 5). While that information likely would have provided sufficient notice to prison officials if it had been included in Gonzalez's Step 1 grievance, Gonzalez cannot raise issues for the first time in Step 2 of the grievance process. *Bangmon v. Alexander*, No. 18-41043, 2021 WL 3477490, at *3 (5th Cir. Aug. 6, 2021) (per curiam) (citing *Randle v. Woods*, 299 F. App'x 466, 467 (5th Cir. 2018) (per curiam)).

Because of the absence of sufficient detail in his Step 1 grievance, the Court finds that Gonzalez did not provide reviewing officials with proper notice to address his alleged excessive force claim against Resendez. *See Johnson*, 385 F.3d at 517, 522–23. Thus, even when viewing the competent summary judgment evidence in the light most favorable to Gonzalez, there is no genuine issue of material fact that he did not exhaust his administrative remedies regarding his excessive force claim. Accordingly, Resendez is entitled to summary judgment and dismissal of Gonzalez's excessive force claim with prejudice for lack of exhaustion.[1]

---

[1] Because any new grievance filed by Gonzalez would be time-barred under TDCJ's grievance procedures and the failure to exhaust cannot be cured, dismissal with prejudice is appropriate in this case. *Bargher v. White*, 928 F.3d 439, 448 (5th Cir. 2019) (citing *Rankin v. Pearson*, 612 F. App'x 204, 206 (5th Cir. 2015) (per curiam) (declining to find that the district court erred by dismissing the plaintiff's *Bivens* claim with prejudice because the plaintiff there was required, but would be unable, to exhaust his administrative remedies)).

## V. CONCLUSION

The Court **DENIES in part** the summary judgment motion filed by Gordy and Resendez as moot. (Dkt. No. 136). The Court **DENIES** Emmerson's summary judgment motion as moot. (Dkt. No. 138). The Court **GRANTS in part** the summary judgment motion filed by Gordy and Resendez. (Dkt. No. 136). The Court **DISMISSES WITH PREJUDICE** Gonzalez's claim of excessive force against Resendez.

It is SO ORDERED.

Signed on August 2, 2022.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**